Matter of Salazar (2021 NY Slip Op 02300)





Matter of Salazar


2021 NY Slip Op 02300


Decided on April 14, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2020-08200

[*1]In the Matter of Hugo G. Salazar, admitted as Hugo Gustavo Salazar, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Hugo G. Salazar, respondent. (Attorney Registration No. 2662476)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 26, 1995, under the name Hugo Gustavo Salazar.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On November 12, 2020, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated November 2, 2020, and a verified petition dated October 30, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges alleging that the respondent misappropriated funds entrusted to him as a fiduciary with respect to nine matters, and failed to cooperate with the Grievance Committee's investigation of a complaint of professional misconduct, in violation of rules 1.15(a) and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on December 18, 2020, he has neither opposed the instant motion nor interposed any other response thereto. By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. The respondent has not filed papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated October 30, 2020, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter [*2]alia, to immediately suspend the respondent from the practice of law is denied as academic.
MASTRO, A.P.J., RIVERA, CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated October 30, 2020, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Hugo G. Salazar, admitted as Hugo Gustavo Salazar, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Hugo G. Salazar, admitted as Hugo Gustavo Salazar, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Hugo G. Salazar, admitted as Hugo Gustavo Salazar, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Hugo G. Salazar, admitted as Hugo Gustavo Salazar, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Hugo G. Salazar, admitted as Hugo Gustavo Salazar, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court